## Cardeza's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Paul Reilly,* for petitioner.

*J. Harry Wagner* and *Thomas B. K. Ringe,* for respondents.

HUNTER, J., October 6, 1944.—Petitioner, a pecuniary legatee named in the will of testatrix, prays that the Federal estate tax be prorated in accordance with the Act of July 2, 1937, P. L. 2762, that judgments be entered against the parties who should pay the tax, and that payment of his legacy be ordered to petitioner out of the amount recovered by the executors, etc.

A demurrer has been filed by the surviving executors and trustees under the will of testatrix, and as well an answer by the personal representative of a deceased executor and trustee, who contend that the petition is premature in that the Federal tax has not been finally determined and paid.

A demurrer is improper practice, having been abolished by Pennsylvania Equity Rule 15. Preliminary objections are substituted therefor by Equity Rule 48, which rule also requires that preliminary objections shall be accompanied by an affidavit that they are not interposed for the purpose of delay.

Testatrix died August 1, 1939, possessed of personal estate of the value of $243,000, which by adjudication filed November 3, 1941, was awarded in payment of pecuniary legacies totaling $97,000, and specific lega-

cies of personal effects of the value of $66,000, the balance being awarded to the trustees of the residuary estate.

The executors' account shows that the specific legacies were delivered to the respective legatees. No payments, however, were made to pecuniary legatees, nor has a schedule of distribution been filed as directed by the adjudication, because a deficiency estate tax of $2,345,759 was subsequently assessed, and the entire estate remaining in the hands of the executors paid on account thereof.

The deficiency tax is based not only upon the personal and real estate of the decedent passing under her will, but as well upon gifts made in her lifetime and property subject to her power of appointment.

The tax has not been paid, except in part, and it is in litigation before the Tax Court of the United States.

We are aware of the hardship to petitioner who has waited five years since the death of decedent for the payment of his legacy. We are confronted, however, with the complexities of Federal tax laws and practice, and it may be difficult if not impossible to make an order which would result in the immediate payment of the legacy.

The deficiency tax may be materially reduced or even set aside, and to compel payments under a temporary apportionment would require refunds upon any change of figures. Under section 800 of the Internal Revenue Code, 26 U. S. C., the primary liability for Federal estate tax is imposed upon the estate of the decedent, and the executors are personally liable to the full extent of the assets which come into their possession. The code also provides that the tax shall be a lien upon all property subject to the tax, and the Federal laws are paramount to any order which we might make against such property.

We have not been informed, however, of the questions at issue in the Tax Court, and we hesitate to dis-

miss the petition upon the meagre facts in the record, and it may be, though petitioner fail to obtain the exact relief prayed for, we could make orders for the security of petitioner against the property which has been included in the assessment and the persons in possession who should contribute to the payment of the tax.

The demurrer is dismissed, and Fidelity-Philadelphia Trust Company and Thomas Drake Marinez Cardeza, in their various capacities mentioned in the petition and citation, are ordered to answer with particularity.